# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**FILED**
SEP 1 7 2007
9-17-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

NF

WILLIAM JONES
    PLAINTIFF,

V.

OFFICER MARK STRUKE, JOHN DOE, JOHN MOE, JOHN COE AND THE CITY OF CHICAGO A MUNICIPAL CORPORATION,

    DEFENDANTS

NO:

07CV 5243
JUDGE LEINENWEBER
MAGISTRATE JUDGE COX

**JURY DEMANDED**

## COMPLAINT

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. 1983 and 1988; 28 U.S.C. 1331 and 1343(3); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

## PARTIES

2. Plaintiff, William Jones is an African-American male and citizen of the United States, and resident of Chicago, Illinois.

3. Defendant Officer Mark Struke, Star # 13941, John Doe, John Moe, and John Coe are police officers employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant Officers Mark Struke, John Doe, John Moe, John Coe are being sued individually.

4. The City of Chicago, is a municipal corporation within the State of Illinois, and was at all times material to this Complaint, the employer of defendant police Officers Struke, John Doe, John Moe, and John Coe.

## FACTS

5. On or about August 9, 2007, in the late afternoon, Plaintiff William Jones, a CTA bus driver, was approached; outside his apartment building located at 1520 E. 72nd Street in Chicago, Illinois, by two plain clothes Chicago police officers, Officer Struke and his unknown partner. These officers questioned Mr. Jones about the whereabouts of his nephew, Derrick

Abdullah. At this same time, two other unknown plain clothes officers were parked outside of his apartment in a unmarked vehicle.

6. Officer Struke and his unknown partner told Mr. Jones that they had a warrant out for Mr. Abdullah's arrest and believed he lived with Mr. Jones. He explained to the officers that Mr. Abdullah was not with him nor did he reside with him.

7. Then, Mr. Jones offered for the Officer Struke and his unknown partner to search his apartment. The officers did so and did not find his nephew. After the search, Officer Struke and his unknown partner left Mr. Jone's apartment.

8. Approximately 30 minutes after Officer Struke and his unknown partner left Mr. Jones's apartment, they returned along with two other unknown plain clothed officers.

9. Without cause, four defendant officers, including Officer Struke and his unknown partner illegally entered Mr. Jones second floor apartment.

10. While in the corridor of his apartment, the officer Struke's unknown partner, without justification, choked Mr. Jones. Next, two defendant officers handcuffed him extremely tightly. At least three defendant officers pushed him to the floor. After he was handcuffed, officer's Struke's partner continued to beat Mr. Jones, including punching him in the face. While in his apartment, defendant officers yelled obscenities and threaten Mr. Jones. At all times Mr. Jones complied and cooperated with the defendant officers, despite their malicious conduct.

11. Next, officer's Struke's partner placed Mr. Jones in his unmarked vehicle. While Mr. Jones sat in the unmarked vehicle, Defendant Struke illegally searched his car. Officer Struck's partner also ordered two defendant officers to illegally search his apartment.

12. For the next 3 hours, Officer Struke and his partner drove around with Mr. Jones in and around the Englewood area, supposedly searching for his nephew. During this entire time, Mr. Jones was terrified and believed the officers were going to kill him. While in the squad defendant officers repeatedly yelled racial obscenities at Mr. Jones and made threats, including, threatening they would make sure he lost his job with CTA.

13. After illegally detaining him for approximately 3 hours, Mr. Jones was released near, 66th and Halsted between 8:00 p.m. and 9:00 p.m.

14. After Mr. Jones was released, his sought emergency medical attention.

## COUNT I
### (42 U.S.C. SECTION 1983-EXCESSIVE FORCE CLAIM)

1-14. Plaintiff William Jones alleges and re-alleges paragraphs 1 through 14 as fully set forth above.

15. As a result of the unreasonable and unjustifiable attack on Plaintiff William Jones, she suffered both physical and emotional injuries.

16. This unreasonable and unjustifiable beating of the Plaintiff William Jones by defendant officers was a direct and proximate cause of his pain, suffering and mental anguish. The above acts by the individual defendant officers Struke, John Doe, John Moe and John Coe violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, in addition to a violation of 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff William Jones demands $50,000 in compensatory damages against Defendant Officers Struke, John Doe, John Moe and John Coe because the Defendants acted maliciously, willfully and/or wantonly, Plaintiff demands $25,000 in punitive damages from each individual Defendant Officer plus costs, attorneys fees, and such other additional relief as this Court deems equitable and just.

## COUNT II
### (42 U.S.C. Section 1983- CONSPIRACY)

1-14. Plaintiff William Jones allege and reallege paragraphs 1 through 14 as fully set forth above.

15. Officers Struke and other John Doe Officers reached an understanding, engaged in a sequence of events or course of conduct, and otherwise agreed and conspired together to violate the constitutional rights of the Plaintiff.

16. Each defendant did reach this understanding and agreement, and did engage in this course of conduct with the mutual purpose, objective, and knowledge that it would deprive the Plaintiffs of their rights, privileges and immunities, as guaranteed by the Constitution and laws of the United States.

17. Additionally, said conspiracy/joint action violated Plaintiffs' Fourth Amendment rights, under color of law, in violation of 42 U.S.C. Section 1983, and was a direct and proximate cause of their pain, suffering and mental anguish.

18. Acting in Furtherance of this plan and conspiracy, each of the Defendants committed overt acts, including, but not limited to a unjustifiable beating as fully alleged in paragraphs 1-14. This course of conduct by the Defendants was done willfully, maliciously, intentionally, or with reckless disregard, and directly and proximately caused serious injury to the Plaintiffs.

**WHEREFORE**, each Plaintiff demands $50,000 in compensatory damages against each Defendant, and because the Defendants acted maliciously, willfully and/or wantonly, $25,000 in punitive damages, plus costs, attorney fees, and such other additional relief as this Court deems equitable and just.

## COUNT III
### (Failure to Prevent Civil Rights Violation Under 42 U.S.C. Sec. 1983 Against)

1-14. Plaintiff re-alleges paragraphs 1 through 14 above as though fully set forth herein.

15. The above stated acts of violence against the Plaintiff by one or more of the Defendants was witnessed and encouraged by the other Defendants.

16. One or more of the Defendant Officers had the opportunity and duty to prevent the violation of the Plaintiff's civil rights by the other Defendant, but failed to do so.

17. The failure of one or more of the defendant officers to prevent the above alleged civil rights violations was the direct and proximate cause of the Plaintiff's injuries.

**WHEREFORE**, the Plaintiff demands $50,000 in compensatory damages against these Defendants; and because he acted maliciously, willfully, and/or wantonly, $25,000 in punitive damages against him plus attorney's fees and costs, and any additional relief this Court deems equitable and just.

## COUNT IV
### ILLEGAL DETENTION UNDER ILLINOIS LAW

1-14. Plaintiff William Jones alleges and re-alleges paragraphs 1 through 14 as fully set forth above.

15. The above acts of the Defendant officers, described above, were done willfully and wantonly without probable cause and was a direct and proximate cause of Mr. Jones's pain, suffering and mental anguish, and therefore violated the Plaintiffs Fourth Amendment right to be free from unreasonable arrest, search and seizure.

**WHEREFORE**, Plaintiff William Jones seeks $50,000 in actual or compensatory damages against Defendant Officers individually and because he acted maliciously, willfully and/or wantonly, $25,000 in punitive damages against defendant officers Mark Struke, John Doe, John Moe and John Coe individually.

## COUNT V
### (Supplemental State Claim for Assault and Battery)

1-14. Plaintiff William Jones alleges and re-alleges paragraphs 1 through 14 as though fully set forth herein.

15. The acts of Defendant Officers Struke, John Doe, John Moe and John Coe as described above were done maliciously, intentionally, willfully, and wantonly and with such reckless disregard for their natural consequences as to constitute assault and batter under the laws and Constitution of the State of Illinois, and did directly and proximately cause the injuries, pain and suffering of the Plaintiff as alleged above.

**WHEREFORE**, the Plaintiff demands $50,000 in compensatory damages against Defendant Officers Struke, John Doe, John Moe and John Coe individually, and because the defendants acted maliciously, intentionally, willfully and/or wantonly, Plaintiff demands $25,000 in punitive damages against Defendant Officers, plus costs, attorney fees, and such other additional relief as this Court deems equitable and just.

## COUNT VI
### (Respondeat Superior under Illinois Law/City of Chicago)

1-14. Plaintiff William Jones alleges and re-alleges paragraphs 1 through 14 as though fully set forth herein.

15. The acts above described acts of Defendant Officers Struke, John Doe, John Moe and John Coe of beating were done within the scope of their employment as City of Chicago police officers, were willful and wanton, and therefore the Defendant City of Chicago, as principal, is liable for the actions of its agents under the doctrine of respondeat superior.

**WHEREFORE**, Plaintiff William Jones demands judgment against Defendant City of Chicago in the amount of $50,000 in compensatory damages, plus costs, attorney fees, and other such additional relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

Respectfully Submitted:

*/s/ Teniece Harris*

Teniece Harris,
Attorney for the Plaintiff


THE LAW OFFICES OF STANDISH E. WILLIS, LTD.
407 S. Dearborn - Suite 1395
Chicago, Illinois 60605
(312) 554-0005